# UNITED STATES DISTRICT COURT

## District of Kansas

(Wichita Docket)

UNITED STATES OF AMERICA,

         Plaintiff,

    v.                     CASE NO. 6:24-cr-10141-EFM-1-2

PATRICK M. KORNELSON,
  aka Korn, and
CAMERON RIGSBY,
  aka Cam Shaft,

         Defendants.

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

### CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE
[21 U.S.C. § 846]

Beginning on a date unknown and continuing through November 5, 2024, in the

District of Kansas, and elsewhere, the defendants,

**PATRICK M. KORNELSON,**
**aka Korn, and**
**CAMERON RIGSBY,**
**aka Cam Shaft,**

knowingly and intentionally combined, conspired, confederated and agreed with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

With respect to defendant PATRICK M. KORNELSON, aka Korn, his conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, and involved 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to defendant CAMERON RIGSBY, aka Cam Shaft, his conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, and involved 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT 2

### USING OR MAINTAINING DRUG PREMISES
### [21 U.S.C. § 856(a)(1)]

Beginning on a date unknown, and continuing through on or about October 22, 2024, in the District of Kansas, the defendant,

**CAMERON RIGSBY,**
**aka Cam Shaft,**

did unlawfully and knowingly use and maintain a place located at 1306 N. Richmond Circle in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, methamphetamine.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT 3

### POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE
### [21 U.S.C. § 841(a)]

On or about October 22, 2024, in the District of Kansas, and elsewhere, the defendant,

**CAMERON RIGSBY,**
**aka Cam Shaft,**

knowingly and intentionally possessed with intent to distribute 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

3

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 4

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)(1)(A)]**

On or about October 22, 2024, in the District of Kansas, the defendant,

**CAMERON RIGSBY,**
**aka Cam Shaft,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 5

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)]**

On or about October 22, 2024, in the District of Kansas, the defendant,

**CAMERON RIGSBY,**
**aka Cam Shaft,**

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess a firearm, that is, a Glock, model 43, 9x19 caliber pistol, said firearm having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 6

**USING OR MAINTAINING DRUG PREMISES**
**[21 U.S.C. § 856(a)(1)]**

Beginning on a date unknown, and continuing through on or about November 5, 2024, in the District of Kansas, the defendant,

**PATRICK M. KORNELSON,**
**aka Korn,**

did unlawfully and knowingly use and maintain a place located at 228 S. Gordon in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, methamphetamine.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT 7

**POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)]**

On or about November 5, 2024, in the District of Kansas, and elsewhere, the defendant,

**PATRICK M. KORNELSON,**

knowingly and intentionally possessed with intent to distribute 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## COUNTS 8 THROUGH 19

**USE OF A TELEPHONE TO FACILITATE
DRUG TRAFFICKING
[21 U.S.C. § 843(b)]**

On or about the dates specified below, in the District of Kansas and elsewhere, the

defendant,

**CAMERON RIGSBY,
aka Cam Shaft,**

did knowingly and intentionally use a communication facility, a cellular telephone, to

facilitate the commission of any act constituting a felony under Title 21, United States

Code, Section 841(a)(1), that is, attempted distribution of a controlled substance, and

distribution of a controlled substance:

| Count | Approx. Date | From | To | Summary of Text Communications |
|-------|--------------|------|-----|-------------------------------|
| 8 | 9/13/24 | Unidentified Individual | Defendant Cameron Rigsby at 316-214-7132 | "Can you check on some trees and snow also?" |
| 9 | 9/14/24 | Defendant Cameron Rigsby at 316-214-7132 | Unidentified Individual | "what up am I getting anything lse b4 u leave foe home" |
| 10 | 9/14/24 | Unidentified Individual | Defendant Cameron Rigsby at 316-214-7132 | "I'm trying nobody wants to pay the right price here" |
| 11 | 9/14/24 | Defendant Cameron Rigsby at 316-214-7132 | Unidentified Individual | "lol ya ur not gonna get 300 a piece here dumbass lol" |
| 12 | 9/14/24 | Unidentified Individual | Defendant Cameron Rigsby at 316-214-7132 | "No, I dropped it 50 bucks man. Fuck what do you expect bunch of fucking Jews around here?" |

| Count | Approx. Date | From | To | Summary of Text Communications |
|---|---|---|---|---|
| 13 | 9/14/24 | Defendant Cameron Rigsby at 316-214-7132 | Unidentified Individual | "lol no it's just cheap here like I said u guys got it made out there" |
| 14 | 9/16/24 | Defendant Cameron Rigsby at 316-214-7132 | Unidentified Individual | "Let me tell u something u get a half pound at 950 he would get one at 1200 with what I charge him." |
| 15 | 9/16/24 | Unidentified Individual | Defendant Cameron Rigsby at 316-214-7132 | "I'm just fucking with you Cam. He said that you give it to him for 115 is it? Zip. Maybe it was 125." |
| 16 | 9/20/24 | Unidentified Individual | Defendant Cameron Rigsby at 316-214-7132 | "But I need to know how much to tell her to bring for like two or three maybe as much as five depending on the price." |
| 17 | 9/20/24 | Defendant Cameron Rigsby at 316-214-7132 | Unidentified Individual | "38 55 73 90 put 2 0s on each number" |
| 18 | 9/20/24 | Unidentified Individual | Defendant Cameron Rigsby at 316-214-7132 | "Ok, No wiggle room if we take the bigger number" |
| 19 | 9/20/24 | Defendant Cameron Rigsby at 316-214-7132 | Unidentified Individual | "look at it again it's gets smaller each time." |

In violation of Title 21, United States Code, Section 843(b).

## **FORFEITURE NOTICE**

1.    The allegations contained in 1-19 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of one or more of the offenses set forth in Counts 1-19 of this Indictment, the defendants,

**PATRICK M. KORNELSON** (Counts 1, 6, and 7)**,**
**aka Korn, and**
**CAMERON RIGSBY** (Counts 1-5, 8-19)**,**
**aka Cam Shaft,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

A.    A Glock, model 43, 9x19 caliber pistol; and

B.    Ammunition.

3.    Upon conviction of one or more of the offenses set forth in Counts 1-3, and 6-19, the defendants,

**PATRICK M. KORNELSON** (Counts 1, 6, and 7)**,**
**aka Korn, and**
**CAMERON RIGSBY** (Counts 1-3, and 8-19)**,**
**aka Cam Shaft,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

A.    A Glock, model 43, 9x19 caliber pistol; and

B.    Ammunition;

8

C.    Approximately $2,239 in United States currency seized from defendant
Patrick M. Kornelson.

A TRUE BILL.


November 26, 2024                              s/Foreperson
DATE                                FOREPERSON OF THE GRAND JURY

KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: /s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: debra.barnett@usdoj.gov
Ks. S. Ct. No. 12729

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

## <u>PENALTIES</u>

## Counts 1, 3, 7 [21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846]

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10,000,000.00 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20,000,000.00 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 2, 6 [Maintaining Drug Premises]

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 856(b).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $500,000.  21 U.S.C. § 856(b).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 4: 18 U.S.C. § 924(c) [possession]

- Punishable by a term of imprisonment of not less than five (5) years and no more than life. 18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii). If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life. 18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 5: Felon in Possession of a Firearm

- Punishable by a term of imprisonment of not more than fifteen (15) years. 18 U.S.C. § 924(a)(8).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 8-19 [21 U.S.C. § 843(b)]

- Punishable by a term of imprisonment of not more than four (4) years. 21 U.S.C. § 843(d).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

If the defendant commits such a violation after one or more prior convictions which have become final for a violation of this section, or for a felony under any other provision of Title 21, United States Code, or other law of the United States relating to narcotic drugs, marijuana, or depressant or stimulant substances, the penalties are:

- Punishable by a term of imprisonment of not more than eight (8) years.  21 U.S.C. § 843(d).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).